## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

GARY D. MASSEY and
REBECCA J. MASSEY,

                 Plaintiffs,

v.                                        CIVIL ACTION NO.  5:10-cv-00533

GREEN TREE SERVICING, LLC,

                 Defendant.

### MEMORANDUM OPINION AND REMAND ORDER

The Court has reviewed the motion of Plaintiffs, Gary D. Massey and his wife Rebecca J. Massey, seeking remand of this matter to the Circuit Court of Raleigh County, West Virginia, on the grounds that the amount in controversy for diversity jurisdiction has not been met. Upon consideration of the motion, the opposition thereto, the reply and the entire record therein, the Court finds, for the reasons discussed below, that Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction and For Fees and Costs (Document No. 6) is **granted in part**.

### I. BACKGROUND AND PROCEDURAL HISTORY

This case originated as two separate but identical actions filed in the Circuit Court of Raleigh County, West Virginia, on September 10, 2009.  The Plaintiffs, Gary and Rebecca Massey, husband and wife, sought to enforce their consumer protection rights against unlawful debt collection practices made in violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). Defendant Green Tree Servicing, LLC, ("Green Tree") services the loan contract and security

agreement Plaintiffs entered into in 1996 for the purchase of a 1997 Commodore Corp. Atrium

Home ("Manufactured Home").   At some point, the Plaintiffs became delinquent on the loan and

Defendant began its attempts to collect on the debt.   In their respective complaints, each Plaintiff

alleged that they retained an attorney to represent their interest in connection with this debt and that

they informed Defendant of the same.   However, Defendant continued to place telephone calls to

their residential telephone number after it appeared that they were represented by an attorney and

the attorney's name and telephone number were known or could reasonably be ascertained.   Based

on that conduct, each Plaintiff alleged repeated violations of the WVCCPA and state tort claims for

negligence, intentional infliction of emotional distress and invasion of privacy.   In their complaints,

the Plaintiffs stipulated that each Plaintiff would not seek or accept an amount greater than $74,999,

including attorney fees, but excluding interest and costs.

On October 14, 2009, Green Tree removed both civil actions to this Court pursuant to 28

U.S.C. §§ 1332 and 1441.[1]   Green Tree asserted that the jurisdictional amount requirement was met

because each Plaintiff separately requested a declaration that the debt on their loan be cancelled in

conjunction with the other monetary relief sought.   On November 6, 2009, the parties agreed to a

joint remand of both civil actions because the Plaintiffs agreed that they would not seek the remedy

of debt cancellation and that they were seeking no more than $74,999 in each civil action, in

accordance with their stipulations.   On February 1, 2010, the Honorable Thomas E. Johnston

remanded both civil actions to the state court based on the parties' stipulations and agreement.

---

[1]   *See Gary D. Massey v. Green Tree Servicing, LLC*, Civil Action No. 5:09-cv-1117and *Rebecca J. Massey v. Green Tree Servicing, LLC*, Civil Action No. 5:09-cv-1118.

After remand, Defendant moved to dismiss each action for the failure to join an indispensable party or, alternatively, to consolidate the two actions.[2]  Plaintiffs did not object to the consolidation, but asserted that the consolidation would "in no way affect[] either of [their] Stipulation[s] to cap their damages at $75,000.00."  Def.'s Ex. A-1, Plaintiffs' Response to Defendant's Motion Regarding Indispensable Parties and Consolidation (Document No. 1-1) at page 11.  On March 25, 2010, the Honorable Robert A. Burnside, Jr., Circuit Judge of the Raleigh County Circuit Court, refused to dismiss the cases finding preliminarily that "it is possible that either of the plaintiffs could maintain a separate claim without the participation of the other."  Def.'s Ex. A-1, March 25, 2010 Memorandum from Judge Burnside to the parties (Document No. 1-1) at 17. Instead, the state court granted Defendant's alternative motion for consolidation and stated as follows:

> Each complaint makes reference to the same acts allegedly committed by the defendant in an effort to collect a joint debt from the plaintiffs.  Each plaintiff cites to the same provisions of law with respect to the remedies claimed.  Upon those conclusions, the court concludes [pursuant to Rule 42 of the West Virginia Rules of Civil Procedure] that there exists a sufficient commonality of law and fact that these two actions should be consolidated.
> . . .
>
> This opinion and ruling does not reach the question whether each plaintiff may have a separate remedy.

(*Id*. at 18.)[3]

---

[2]   Defendant sought the consolidation of the two civil actions, under one binding $74,999 stipulation.

[3]   On April 12, 2010, Defendant requested the court to "clarify" its March 25, 2010 order with respect to the question of whether only one recovery is permitted by each of the plaintiffs.  The court declined to "clarify" a matter that it did not reach in the order of March 25, 2010, but ordered that "[i]f either party wishes to be heard on the issue [of] whether a separate or joint remedy is supported, a motion on that subject may be filed to request whatever relief the moving party believes to be necessary."  Def.'s Ex. A-1, April 12, 2010 Memorandum from Judge Burnside to the parties

(continued...)

On April 20, 2010, Defendant removed the consolidated case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant asserted that pursuant to 28 U.S.C. § 1446, the consolidated case was removable on the basis of the state court's order of consolidation and that the amount-in-controversy was met.  Defendant contended that "the claims that Plaintiffs assert are based on a common undivided interest and the relief that may be granted to Plaintiffs if they succeed on all of their claims exceeds the minimum amount required for removal based on 28 U.S.C. § 1332."  Notice of Removal ("Removal Notice") (Document No. 1), ¶ 4.  Plaintiffs timely moved for remand arguing in sum that the removal is improper because "[c]laims from multiple plaintiffs may not be aggregated together to achieve the jurisdictional amount unless they seek to enforce a single title or right in which they have a common and undivided interest[]" which Plaintiffs contend they are not doing. Memorandum in Support of Motion to Remand for Lack of Subject Matter Jurisdiction and For Fees and Costs ("Pls.' Mem.") (Document No. 7).  Plaintiffs also argue that Defendant's removal was not objectively reasonable warranting an award of attorney fees and costs. The matter is ripe for this Court's consideration.

## II.  APPLICABLE LAW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[4]  Federal district courts have

---

[3](...continued)
(Document No. 1-1) at 4.

[4]  Section 1441(a) states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

(continued...)

4

original jurisdiction over all civil actions between citizens of different states if the amount in

controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).  The procedure

for removal is addressed in 28 U.S.C. § 1446(b).  Section 1446 requires a defendant to file a notice

of removal within thirty days after receipt of the initial pleading.   However, as is important in this

case, Congress has also provided that where an initial pleading is not removable as originally filed,

but subsequently becomes subject to removal through some later event:

> [A] notice of removal may be filed within thirty days after receipt by
> the defendant, through service or otherwise, of a copy of an amended
> pleading, motion, order or other paper from which it may first be
> ascertained that the case is one which is or has become removable,
> except that a case may not be removed on the basis of jurisdiction
> conferred by section 1332 of this title more than 1 year after
> commencement of the action.

28 U.S.C. § 1446(b).  It is the long-settled principle that the party seeking to adjudicate a matter in

federal court, through removal, carries the burden of alleging in its notice of removal and, if

challenged, demonstrating the court's jurisdiction over the matter.  *See Strawn et al. v. AT &T*

*Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted); *see also Mulcahey v.*

*Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing

federal jurisdiction is placed upon the party seeking removal.") (citation omitted).  Accordingly, in

this case, Defendant has the burden to show the existence of federal jurisdiction by a preponderance

of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL

2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J) (citing *McCoy v. Erie Insurance Co.*, 147

---

[4](...continued)
> original jurisdiction, may be removed by the defendant or the defendants, to
> the district court of the United States for the district and division embracing the
> place where such action is pending.

28 U.S.C. § 1441(a).

F.Supp. 2d 481,488 (S.D. W. Va. 2001)).  A defendant must furnish evidence in support of the statutory jurisdictional amount. "[A] mere assertion that the amount in controversy exceeds $75,000.00 is insufficient to meet this burden."  *White*, 2009 WL 2762060 at *2.  A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction "must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  In deciding whether to remand, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction."  *Hartley v. CSX Transp., Inc*., 187 F.3d 422, 425 (4th Cir. 1999).

## III. DISCUSSION

The parties do not dispute that they are diverse for the purpose of this Court's jurisdiction or that Defendant's motion to remove the consolidated action is timely upon the issuance of the state court's order of March 25, 2010.  Further, Plaintiff does not challenge whether the state court's order of  March 25, 2010, properly provided Defendant a basis for removal for a second time.  Therefore, determining whether jurisdiction is proper in this Court requires only the resolution of whether Plaintiffs' claims may now be aggregated to achieve the $75,000 jurisdictional requirement.

In their motion, Plaintiffs press for remand on the basis that: (1) their stipulations are still binding despite the state court's order of consolidation[5] and (2) they are not seeking to enforce a single title or right in which they have a common and undivided interest.  Pls.' Mem at 4-7. Plaintiffs contend that it is the nature of the right asserted, not that of the relief requested, which is determinative of whether claims of multiple plaintiffs may be aggregated.  (*Id*. at 6.) Plaintiffs argue

---

[5]  Plaintiffs opine that Defendant appears, in its notice of removal, to argue that their individual claims each exceed the jurisdictional minimum.  Pls.' Mem. at 3.

6

that their claims may not be aggregated because they are asserting rights that state statutes and tort law grant to each of them as individuals–not as a group, and that their individual ability to recover, and the amount of any recovery, does not depend on the other Plaintiff.  (*Id*. at 5-7.)  Further, Plaintiffs argue that the WVCCPA grants the ability to recover actual damages, penalties and attorney fees to "the consumer"and that Defendant does not owe an obligation to Plaintiffs as a group. (*Id*. at 6.)  Plaintiffs also argue that "[t]he only thing that has changed between [Defendant's second removal] and the earlier remand order is the two cases' consolidation."  (*Id*. at 5.)  Plaintiffs contend that their claims for actual damage, statutory penalties, attorney fees and punitive damages cannot be aggregated.  (*Id*. at 7-9.)  Plaintiffs also contend that an award of attorney fees and costs are warranted because "a cursory review of the applicable law–including decisions that Green Tree cites–reveals the lack of federal jurisdiction."  (*Id*. at 10.)

Defendant, in opposition, argues that its removal is proper because Plaintiffs' stipulations in the original civil actions do not defeat diversity jurisdiction since the state court did not combine Plaintiffs' civil actions into a single civil action with a total recovery of no more than $74,999. Defendant Green Tree Servicing LLC's Response in Opposition to Motion to Remand for Lack of Subject Matter Jurisdiction and Fees and Costs ("Def.'s Oppn") (Document No. 9) at 3-4. Defendant also argues that Plaintiffs' claims can be aggregated because they relate to a common and undivided interest in their right to sue under the WVCCPA in that their allegations are for statutory violations related to telephones calls allegedly made as a result of a joint contract on which they are co-signatories, and the telephone calls were allegedly made to their joint telephone number regarding a debt of which they are co-obligors. (*Id*. at 5-7.)  Defendant asserts that "[t]his Court has yet to rule on the issue of whether separate WVCCPA claims of a husband and wife each alleging the same

questions of law, fact and injury based upon a defendant's alleged calls to a joint telephone number can be aggregated together in order to meet the amount in controversy."  (*Id*. at 5-6.)  However, in *Kopff v. World Research Group, LLC*, 298 F.Supp.2d 50 (D.D.C. 2003), "at least one federal court has held that the separate claims of husband and wife relating to communications to one communication device are based upon a common undivided interest and may be aggregated to determine the amount in controversy for diversity jurisdiction." (*Id*. at 5.)[6]  Moreover, Defendant disputes Plaintiffs' contention that their individual recovery does not depend on the other Plaintiff's recovery when the Court considers who would be able to collect damages on the alleged unanswered telephone calls to Plaintiffs' joint home telephone.  Defendant argues that this Court has held that violations of the WVCCPA may even occur as a result of "unanswered telephone calls" and that both Plaintiffs cannot recover for such calls, otherwise there would be a double recovery for one act. (Id. at 8.)  Based on these arguments, Defendant asserts that the jurisdictional amount of each Plaintiff's claims for actual and punitive damages, statutory penalties and attorney fees and costs exceed $75,000.  Defendant also assets that it has an objectively reasonable basis for seeking removal given the court's consolidation order.

---

[6]  In *Kopff*, a husband and wife brought suit in the District of Columbia Superior Court alleging defendants unlawfully transmitted unsolicited advertisements to their fax machine in violation of the District of Columbia Consumer Protection and Procedures Act and the Telephone Consumer Protection Act, which provides a private right of action against any person who "use[s] any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine," 47 U.S.C. § 227(b)(1)(C).  The defendants removed the action to the United States District Court for the District of Columbia.  The plaintiffs sought to remand the case by arguing, among other things, that their claims were separate and independent claims against the seven defendants.  The district court found that aggregation was warranted where the plaintiffs asserted  "'an integrated claim'–in other words, if the right is a collective right pursuant to which one plaintiff's failure to collect his or her share increases the remaining plaintiffs' damages." Kopff, 298 F.Supp. 2d at 56) (citations omitted).

In their Reply, Plaintiffs claim that *Kopff* is distinguishable, in that the statute at issue in *Kopff* is different from the applicable WVCCPA provisions.  Plaintiffs maintain that the WVCCPA grants individual rights to "any person" and the "consumer."

The general rule is that claims brought by a single plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other.  *Synder v. Harris*, 394 U.S. 332, 335 (1969) ("Aggregation has been permitted . . . in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant.") Additionally, as the parties acknowledge, aggregation is also permitted in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common undivided interest. (*Id*.); *see also Zahn v. Int'l Paper Co.*, 414 U.S. 291, 293 (1973) (the Supreme Court  applied, in the context of a class action, a standard it articulated in 1911: "'[w]hen two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interest collectively equal the jurisdictional amount.'") (quoting *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40-41 (1911); *Glover v. Johns-Manville Corp*, 662 F.2d 225, 231 (4th Cir. 1981).

Because Defendant has not shown by a preponderance of the evidence that Plaintiffs' claims are to "enforce a single title or right in which they have a common undivided interest," aggregation of their claims is not warranted.  It is readily apparent from the relevant facts known at the time of Defendant's second removal, that Plaintiffs jointly purchased the 1997 manufactured  home, that they are jointly liable for that debt, and that the alleged unlawful debt collection telephone calls were

9

made to the couple's residential telephone number.  There is no question that each Plaintiff has a common interest in the home which is the subject of the debt.  However, Defendant cites to no authority for the proposition that the WVCCPA limits its protection from unlawful debt collection practices to only one co-debtor or consumer, as that term is defined in W.V. Code § 46A1-102(12), and not to both.  This Court does not find it dispositive that these Plaintiffs are married or that the calls were allegedly placed to a telephone to which they both had access.  Defendant's argument that a single title or right in which there is a common and undivided interest exists in these circumstances would seemingly preclude claims made by co-debtors or co-signors of debt, who are unlawfully contacted by a debt collector at different times, simply because they have the same telephone number.  It seems obvious, that a debt collector could call each co-debtor in an attempt to collect on a debt and engage in prohibitive communications which gives rise to a claim of action, exclusive of each debtor.  While the substance of Plaintiffs' claims appears to be identical, upon the record before the court, there is no evidence that Plaintiffs intend to allege the same statutory violation for each of the allegedly unlawful telephone calls.  In other words, the allegations in the Complaint do not foreclose that Ms. Massey may be seeking enforcement of a statutory right under the WVCCPA for violations which occurred as a result of phone calls made to Plaintiffs' residence which were fielded by her (say, on Monday, Tuesday or Wednesday), while her husband could be asserting a statutory violation for calls that he received at times in which he was in the home.  There is no evidence before the Court that each Plaintiff's claims are duplicative.  This is consistent with the state court's preliminary finding  that "it is possible that either plaintiff could maintain a separate claim without the participation of the other."  Additionally, now that Plaintiffs are not seeking the remedy of debt cancellation, there are no claims by one Plaintiff that would necessarily benefit the

10

other Plaintiff.  Moreover, Defendant does not contest that Plaintiffs' state law tort claims are separate and distinct claims as they are based on alleged individual injury.

While, *Kopff* can be viewed a*s* illustrative, this Court finds it is unpersuasive given the discussion above.  Further, in *Kopff*, the United States District Court's holding was based on its finding that the right asserted in that case to recover for multiple faxes to a single business was a collective one in which one plaintiff's failure to collect his or her share increases the remaining plaintiff's damages.  As discussed above, there is no set of facts currently before this Court which would reveal such a remedy. Defendant's argument that this Court should find a common and undivided interest because of Plaintiffs' opportunity to recover for "unanswered telephone calls" is unavailing.  A review of the Plaintiffs' complaints does not reveal that they seek damages for any unanswered telephone calls. Therefore, consideration of that issue is speculative and is not demonstrative of a need for aggregation to meet the requisite jurisdictional amount. Moreover, in *Kopff*, the unlawful communications were to a fax machine, not a telephone where there is the opportunity for individualized abusive or harassing collection practices. Here, there is the opportunity for the debt collector to seek loan repayment from one spouse when the other spouse has declined to participate in further debt collection communications. Defendant has not shown that a "collective right" exists under the WVCCPA where telephone calls are directed to the same telephone but are fielded by co-debtors at separate times.  Therefore, the record before the Court does not provide for a finding that Plaintiffs' claims are to enforce a single title or right, in which they have a common and undivided interest.

Further, to the extent that Defendant, in its opposition, makes the argument that Plaintiffs individually exceed the $75,000 jurisdictional amount, that assertion is not borne out by the record,

given the Plaintiffs' binding stipulations.  Each Plaintiff stipulated in their complaint that they "shall neither seek or accept an amount greater than $74,999.00 in this case, including any award of attorney fees, but excluding interest and costs." These parties filed contemporaneously with their Complaints a separate affidavit signed by the respective Plaintiffs and their attorney, making the same assertion.  This Court has previously relied on those Stipulations in its decision to remand  the matter to state court.  The nature of those stipulations has not changed in light of the state court's consolidation order. This is especially so, given that the state court specifically made no findings about whether or not each Plaintiff may have a separate remedy. Consequently, there is no basis for this Court to find that Plaintiffs' stipulations are not still binding after the state court's consolidation. Therefore, this Court finds that the requisite jurisdictional amount in controversy has not been met.

In sum, it is long established that the time for assessing the requisite jurisdictional amount is at the time of removal.  There being no evidence to support the aggregation of Plaintiffs' claims, given the nature of the state court's order of consolidation, and upon a review of the evidence in the record, the Court finds that Defendant has not shown by a preponderance of the evidence that the requisite jurisdictional amount has been satisfied.  This Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc*., 187 F.3d 422, 425 (4th Cir. 1999).

Finally, Plaintiffs assert that Defendant's removal was not objectively reasonable given the case law upon which it relied.  Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The United States Supreme Court in *Martin v. Franklin Capitol Corp*., 546 U.S. 132 (2005), has instructed that:

> [T]he standard for awarding fees should turn on the reasonableness
> of the removal. Absent unusual circumstances, courts may award
> attorney's fees under [Section] 1447(c) only where the removing
> party lacked an objectively reasonable basis for seeking removal.
> Conversely, when an objectively reasonable basis exists, fees should
> be denied.

(*Martin*, 546 U.S. at 141) (citations omitted).  To the extent that Plaintiffs may believe an award of

attorney fees is automatic upon a court's determination that a remand is warranted, this Court

disagrees.  The Supreme Court in *Martin* foreclosed any such automatic fee-shifting argument when

it considered the language used in Section 1447(c).  *See Martin* 546 U.S. 136-37.  The Supreme

Court explained that Section 1447(c) provides "that a remand order 'may' require payment of

attorney's fees–not 'shall' or 'should.'" (*Id*. at 136.)  This language clearly indicates that a district

court has discretion in awarding attorney fees on remand.  Therefore, this Court finds that no award

is warranted because Defendant's removal was not objectively unreasonable in light of the fact that

the state court's order of consolidation did not address whether Plaintiffs enjoyed a separate remedy

in the consolidated action.  Moreover, neither Plaintiffs nor Defendant sought to litigate that matter,

as they were invited to do so by the state court.   Therefore, Plaintiffs' motion for an award of

attorney fees and costs is denied.


## IV.  CONCLUSION

For the reasons stated above, this Court does hereby **ORDER** that Plaintiffs' Motion to

Remand for Lack of Subject Matter Jurisdiction and For Fees and Costs (Document No. 6) is

**GRANTED IN PART AND DENIED IN PART.**[7]

---

[7]   In light of the foregoing, this Court need not consider Plaintiffs' Motion Seeking a Determination of the
(continued...)

13

The Court **DIRECTS** the Clerk to send a certified copy of this Memorandum Opinion and Remand Order to the Circuit Clerk of Raleigh County, West Virginia, and a copy to counsel of record and unrepresented party.

ENTER:          March 30, 2011

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[7](...continued)
Remand Issue (Document No. 21).  Consequently, said motion is terminated as moot.